

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-054-CV

IN THE INTEREST OF S.K.B.,

A CHILD

------------

FROM THE 393RD DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In this custody enforcement action, Appellant Keith Donald B., father of S.K.B. (the child), appeals from the order of the Denton County trial court declining jurisdiction and granting the special appearance of the child's mother, appellee Miwa Shinzato B. In three points, Keith contends that the trial court's ruling that it had jurisdiction at the time of the 2003 divorce cannot now be attacked, that full faith and credit should be given the trial court's 2003

---

[1] See TEX. R. APP. P. 47.4.

custody determination under the Parental Kidnapping Prevention Act, and that his appearance before a Japanese court and the Japanese judgment entered after the trial court's divorce decree did not result in a transfer of continuing jurisdiction from Texas to Japan. We affirm.

The child was born on March 21, 2000, in Kentucky. In March 2001, she and Miwa moved to Japan, where they lived until September 2002. At that point, they returned to the United States and lived with Keith in Lewisville, Texas. Almost three months later, on December 17, 2002, Miwa went back to Japan, leaving the child with Keith. Approximately three months later, on March 19, 2003, Miwa returned to Lewisville to discuss a proposed agreed divorce with Keith; she went back to Japan with the child on March 27, 2003. She and the child have lived in Japan since that time. In all, the child lived in Lewisville, Texas, approximately six months.

On April 3, 2003, a week after Miwa took the child back to Japan, Keith filed for divorce in Denton County. On August 15, 2003, the trial court signed a default judgment granting the Brockways' divorce, naming Keith as sole managing conservator with the right to establish the primary residence of the child, and naming Miwa as possessory conservator with no standard visitation rights.

In September 2003, Keith traveled to Japan, and he took the child from her mother on September 14. On September 16, Miwa filed a petition in Japan for custody; according to Keith's brief and his lawyer's argument at the hearing, Keith also filed a petition for divorce and custody in Japan in September 2003. Later in the month, Keith relinquished the child to Miwa at the airport and returned to the United States alone. He moved to Connecticut.

Almost two years later, in August 2005, Keith filed a motion for enforcement of possession or access and a petition for writ of habeas corpus in the trial court in Denton County. On November 14, 2005, Miwa filed a special appearance and request for the trial court to decline jurisdiction. At some point after Keith filed the motion to enforce but before the trial court heard the special appearance on November 27, 2006, the Japanese court ruled on Keith and Miwa's competing petitions in Japan (it is unclear whether these are the original petitions filed in September 2003 or subsequent petitions). The Japanese court decided that Keith should continue to have "sole custody" but that Miwa should have physical custody. In its judgment, the Japanese court pointed out that Miwa and the child have lived in Japan since March 2003 and that Keith has a home of his own in Connecticut. The Denton County trial court declined jurisdiction and granted Miwa's special appearance on February 16, 2007.

Under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), we treat Japan as a sister state.[2] Section 152.202 of the family code provides that in cases like this,

> (a) . . . [A] court of this state which has made [an initial] child custody determination . . . has exclusive continuing jurisdiction over the determination until:
>
> (1) a court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or
>
> (2) a court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.[3]

If a provision of the UCCJEA conflicts with any other law in this state, and the conflict cannot be reconciled, the UCCJEA prevails.[4]

The record in the trial court shows that at the time the motion to enforce was filed, Miwa and the child lived in Japan, Keith lived in Connecticut, and the parents' petitions were pending in Japan. During the pendency of the Denton County proceedings, the Japanese court determined that it had jurisdiction and exercised it, and it also pointed out in its judgment that at the time of the

---

[2] *See* TEX. FAM. CODE ANN. § 152.105 (Vernon 2002).

[3] *Id.* § 152.202(a).

[4] *Id.* § 152.002.

4

judgment, Miwa and the child lived in Japan and Keith lived in Connecticut. Consequently, we cannot say that the Denton County trial court erred by declining jurisdiction and granting Miwa's special appearance in this case.[5] We overrule all of Keith's points and affirm the trial court's judgment.

PER CURIAM

PANEL F: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DELIVERED: June 26, 2008

---

[5] *See id.*; *In re Lewin*, 149 S.W.3d 727, 736–37 (Tex. App.—Austin 2004, orig. proceeding) (holding that trial court erred by failing to recognize that Canadian court had already determined that neither the parents nor the child resided in Texas).